UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| POPILUSH, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 24-cv-1533 ) ) |
| THE INDIVIDUALS, BUSINESS ENTITIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

# COMPLAINT

Plaintiff, Popilush, LLC ("Plaintiff" or "Popilush"), hereby sues Defendants, the Individuals, Business Entities, Partnerships and Unincorporated Associations identified on Schedule "A" (collectively "Defendants") for copyright infringement. Defendants are promoting, selling, offering for sale, and distributing goods bearing Plaintiff's exclusive copyrighted works without authorization or license within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identities identified on Schedule "A".

This action has been filed by Plaintiff to combat e-commerce store operators who copy and trade upon Plaintiff's reputation and goodwill by directly copying and/or using derivative and/or using compilation works of Plaintiff's copyrighted photos without authorization. Defendants attempt to circumvent and mitigate liability by operating under one or more Seller Aliases to conceal their identities and the full scope and interworking of their infringing activities. Plaintiff is forced to file this action to protect unknowing consumers from purchasing products over the Internet that are

mistakenly believed to emanate from Plaintiff. Plaintiff has been and continues to be irreparably damaged through consumer confusion and dilution of its valuable copyrighted photographs as a result of Defendants' actions and seeks injunctive and monetary relief. In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal copyright pursuant to 17 U.S.C. §§ 501, 502, 504, and 505. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C §§ 1131 and 1338.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this district through, at least, the Internet based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating under their seller IDs. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

4. Plaintiff, Popilush, LLC, is a limited liability company duly organized and existing under the laws of the State of Virginia with a principal place of business located at 1715 Endeavor Dr, Williamsburg, VA 23185.

5.     Plaintiff is the owner of the federal copyright registrations that protect the creative content of Popilush's images and illustrations through which it conveys to the public about a new way to redefine beauty and confidence.

6.     Plaintiff is the owner of United States Copyright Registration Nos. VA 2-367-941, VA 2-369-581, VA 2-370-608, VA 2-370-617, VA 2-374-723, VA 2-375-159, and VA 2-375-189 (the "Popilush Images"). The registrations are attached hereto as **Exhibit 1**. The registrations are valid, subsisting and in full force and effect. Upon information and belief, the copyrights have an effective date that predates the Defendants' acts of copyright infringement.

7.     Plaintiff is a prominent designer of built-in shapewear dress and bodysuit of various styles for women and distributes its product through the U.S. and the world and built direct-to-consumer global brands (the "Popilush Products"). Plaintiff offers styles that make women look and feel confident and beautiful, empower women by allowing them to assume control over their bodies and redesigning them as they wish. Popilush Products have gained substantial attention and popularity. Plaintiff is consistently ranked as top seller on online e-commerce platforms.

8.     Plaintiff has expended substantial time, money, and other resources in developing, advertising, and promoting Popilush Images. As a result, products associated with Popilush Images are recognized and adored by consumers.

9.     The success of Popilush Products is largely due to Plaintiff's marketing, promotional, and distribution efforts. As a result of Plaintiff's efforts, the quality of Popilush Products, the promotional efforts for their design, social media coverage, members of the public have become familiar with Popilush Images and Popilush Products and associate them exclusively with Plaintiff.

10.     Plaintiff has made efforts to protect its interest in and to Popilush Images. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise,

create derivative works, offer for sale, or sell any goods utilizing Popilush Images without the express written permission of Plaintiff.

## THE DEFENDANTS

11. On information and belief, Defendants are individuals and business entities of unknown makeup who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

12. On information and belief, Defendants regularly conduct, transact and/or solicit business, and/or derive substantial revenue from their business transactions in the U.S. including this district. Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including Illinois, through accounts with online marketplace platforms as well as any and all as yet undiscovered user accounts, through which consumers in the United States can view Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for and to place orders for, receive invoices for and purchase infringing products for delivery in the U.S., including this district, as a means for establishing regular business with the U.S., including Illinois.

13. On information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective user accounts, using their merchant storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the infringing products at below-market prices to consumers in this district.

14. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Illinois.

15. Upon information and belief, Defendants are aware of Popilush Products, and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiff.

16. On information and belief, Defendants reside and/or operate in the Peoples Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems. All Defendants advertise and sell built-in shapewear dress and/or bodysuit using Popilush Images. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

17. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics are used by Defendants to conceal their identities and the full scope of their operation to make it virtually impossible for Plaintiff to learn Defendants' true identities and their exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take the appropriate steps to amend the Complaint.

## **DEFENDANTS' INFRINGING CONDUCT**

18. The success of Popilush Products has resulted in significant theft of Popilush Images. Defendants advertise and market their built-in shapewear dress and/or bodysuit using direct copies, derivative copies, and/or collections of Popilush Images to mislead the public that Defendants' products emanate from the Plaintiff. Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were/are offering for sale and/or are selling products using Popilush Images to consumers throughout the United States. E-commerce sales, including through e-commerce stores like those of the Defendants, have resulted in a sharp increase in sales for those stores unlawfully using Popilush Images in the United States. According to a U.S. Customs and Border Protection ("CBP") Report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights violations totaling over $3.3 billion, an increase of $2.0 billon from 2020. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customers and border Protection.

**Exhibit 2**. Of the 27,000 in total seizures, over 24,000 came through international mail and express courier services (as opposed to containers), 51 percent of which originated from China and Hong Kong. *Id.*

19.     Third-party service providers, such as, for example, Amazon, eBay, PayPal, Aliexpress, etc., like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 4**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 Nw. J. INT'L L. & Bus. 157, 186 (2020); *see also,* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U. S. Department of Homeland Security's Office of Strategy, Policy, and Plans, attached as **Exhibit 3**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for counterfeiters to begin selling" and recommending that "[s]ignificant enhanced vetting of third-party sellers" is necessary.  Those misappropriating intellectual property hedge against the risk of being caught and having their websites/advertisements taken down from an e-commerce platform by preemptively establishing multiple storefronts. **Exhibit 3** at p. 22.  Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 3** at p.39.  Further, "E-commerce platforms created bureaucratic or technical hurdles in helping intellectual property owners to locate or identify sources of [infringement]." **Exhibit 4** at 186-187.

20.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the

Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal and others. E-commerce stores operating under the Seller Aliases include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of Popilush Images, and none of the Defendants are authorized retailers of genuine Popilush Products.

21. Many Defendants also deceive unknowing consumers by using Popilush Images without authorization within the content and/or photographs of their e-commerce stores in order to attract various consumer search for built-in shapewear dress and bodysuit. Other e-commerce stores operating under Seller Aliases attempt to cut off part of Popilush Images or use photoshop to change the color of Popilush Images to trigger their listings when consumers are searching for Popilush Products.

22. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet-based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

23. On information and belief, Defendants regularly register or acquire new seller aliases to sell products using Popilush Images. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

24. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for

identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, same incorrect grammar and misspellings, and/or the use of the same text and images.

25. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms, WeChat and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

26. Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment that may be awarded to Plaintiff.

27. On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property working in active concert to knowingly and willfully advertise and market their products using Popilush Images in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully used and continue to use Popilush Images in connection with the advertisement, distribution, offering for sale, and sale of products into the United States and this district over the Internet.

28. Defendants' infringing activities has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

///

## COUNT I
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS (17 U.S.C. §§ 106 AND 501)

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. At all relevant times, Plaintiff has been the owner of valid and enforceable Popilush Images, which contain certain copyrightable subject matter under 17 U.S.C. §§ 101, et seq, including but not limited to Popilush Images and derivative works.

31. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a).

32. Popilush Images have significant value and have been created at considerable expense.

33. Defendants do not have any ownership interest in Popilush Images. Defendants had access to Popilush Images via the Internet.

34. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works and/or compilations incorporating Popilush Images on e-commerce stores operating under the Seller Aliases. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of Popilush Images. Such conduct infringes and continues to infringe Plaintiff's copyrights in violation of 17 U.S.C. § 501(a) and 17 U.S.C. § 106. Defendants reap the benefits of the unauthorized copying and distribution of the Popilush Images in the form of revenue and other profits that are driven by the sale of unauthorized products.

35. On information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's copyrights.

36. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

37. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff significant and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing of Plaintiff's copyrights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:
   a. distributing copies of, making derivative works of, or publicly displaying the Popilush Images in any manner without the express authorization of Plaintiff;
   b. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and
   c. further infringing Plaintiff's copyright and damaging Plaintiff's goodwill;
2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as, but not limited to, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with use of Popilush Images;

3) As a direct and proximate result of Defendants' infringement of Plaintiff's copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C. §504;

4) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to statutory damages provided by law pursuant to 17 U.S.C. § 504(c);

5) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505; and

6) Award any and all other relief that this Court deems just and proper.

Dated: February 23, 2024				Respectfully submitted,


						*Faye Yifei Deng*
						Faye Yifei Deng
						YK Law LLP
						445 S Figueroa St, Suite 2280
						Los Angeles, California 90071
						E-mail: fdeng@yklaw.us
						Telephone: 213-401-0970

						*Attorney for Plaintiff Popilush, LLC*